UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-02059-SSS-KKx | Date | September 11, 2023 |
| Title | *Robert Grey Johnson, Jr. v. Eric Cisney, et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY MATTER SHOULD NOT BE TRANSFERRED OR DISMISSED**

The "first-to-file rule" is a doctrine of federal comity that allows a district court to transfer, stay, or dismiss an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.* 678 F.2d 93, 94–95 (9th Cir, 1982); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). "The most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628 (noting courts should be given "an ample degree of discretion, appropriate for disciplined and experienced judges," when applying the first-to-file rule). The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Ca. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

Three factors are analyzed when determining the applicability of the first-to-file rule: (1) "chronology of the lawsuits, [(2)] similarity of the parties, and [(3)] similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The filing date of a removed case is the date the action was filed in state court." *Amerifreight, Inc. v. Belacon Pallet Serv.,*

*LLC*, No. 2:15-cv-5607-RSWL-JPR, 2015 WL 13037420, at *2 (C.D. Cal. Nov. 10, 2015); *Hartford Acc. & Indem. Co. v. Margolis*, 956 F.2d 1166 (9th Cir. 1992). If all the above factors are met, a court may, *sua sponte*, transfer an action under the first-to file rule. *See PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576-MMM-SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (collecting cases).

"For the convenience of parties and witnesses," and "in the interest of justice," a court also may, *sua sponte*, transfer an action "to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When determining whether to transfer a matter, the court considers (1) the convenience of the parties, (2) the convenience of the witnesses, and the (3) interest of justice. *Id*.  In analyzing these factors, courts consider the possible transfer's effect on judicial economy. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting 28 U.S.C. § 1404(a)'s purpose was in part to avoid duplicative litigation and prevent waste of time and money).

Because the Court has concerns that the pending matter should be transferred to the Northern District of Alabama, or dismissed outright, under the first-to-file rule or 28 U.S.C. § 1404(a), the Court **ORDERS** Plaintiff to show in writing why the case should not be dismissed or transferred.  **The Parties shall file their response to this order no later than September 22, 2023.**  The Court further sets a hearing regarding this Order to Show Cause on **October 20, 2023, at 1:00 PM** via Zoom.[1]

**IT IS SO ORDERED.**

---

[1] The Court refers the Parties to Judge Sykes' website for details regarding hearings via zoom: https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.